Wilder, J.
Two questions are made by the plaintiffs in error —
1. Was the plaintiffs’ judgment against Henry Keyes and Ira White, a lien upon the lands of Keyes, of which he had made a previous fraudulent conveyance ?
2. Does the 17th section of the statute, in relation to assignments (4 Curwen’s Stat. 3352), apply to fraudulent conveyances made prior to its passage ?
The plaintiffs’ debt was contracted prior to January, 1858. The fraudulent conveyance of Henry Keyes was made February 23, 1858. The plaintiffs’ judgment was recovered in October, 1858. The “act regulating the mode of administering assignments in trust for the benefit of creditors,” was passed and took effect April 6,1859. The plaintiffs’ petition *446 was filed in the common pleas, May 18, 1859. The lands fraudulently conveyed by Henry to Henry P. Keyes, were re-conveyed by Henry P. to Henry Keyes, June 18,1858, and on the same day were conveyed by Henry Keyes to J. Q. Farmer, in trust for the benefit of all the creditors of Henry Keyes.
As, in our opinion, it is not necessary, in this case, to decide the question, whether a judgment is a lien upon land fraudulently conveyed before its recovery — a question of some difficulty in its solution, and in respect to which there might not be entire unanimity among the members of the court — we do not propose to consider or decide it.
Judgment liens are purely of statutory creation, and pertain solely to the remedy. They create no vested right of property, and are subject to modification or extinction, as the legislature, in its wisdom, may see fit to provide by the modification or repeal of the statutes creating them.
In legislating, therefore, upon the subject of assignments and fraudulent conveyances, so far as related to any supposed judgment liens, there was no difficulty in the way of the legislature, in giving the same effect to fraudulent conveyances theretofore made as to those thereafter to be made. The only-question, then, necessarily arising in this case, is: Does the 17th section of the said statute, regulating assignments (4 Curwen’s Stat. 3352) apply to fraudulent conveyances made prior to the passage of that act ?
Said section, or so much of it as is material to the present question, reads as follows:
“ Sec. 17. All transfers, conveyances or assignments, made with the intent to hinder, delay or defraud creditors, shall inure to the equal benefit of all creditors in proportion to the amounts of their respective claims, and the probate judge, after any such transfer, conveyance or assignment, shall have been declared, by a court of competent jurisdiction, to have been made with the intent aforesaid, on the application of any creditor, shall appoint an assignee,” etc.
From 1835 to 1859, the legislature had provided, by various statutes, that all assignments of property made by debtors i<? *447 trustees, in contemplation of insolvency, and with the design to secure one or more creditors to the exclusion of others, should be held to inure to the benefit of all the creditors of the assignor, in proportion to their respective demands. 1 Cur-wen’s .Stat. 161 and 424, and 3 Curwen, 2239. The main purpose of this legislation was to secure, to the extent of all such assignments, an equal distribution of the effects of insolvent debtors among their creditors. It was a just and wise purpose, and the legislature sought greatly to extend the principle by the much broader and more general provisions contained in the 17th section of the act of April 6, 1859, above quoted. The language used in this section is general. Not “ all transfers,” etc., “ hereafter made,” but “ all transfers, conveyances or assignments, made with the intent,” etc., “shall inure to the equal benefit of all creditors,” etc. The object sought was equality of distribution, among the creditors, of all property so conveyed or ’assigned. The language is sufficient and appropriate to embrace lands conveyed before, as well as after, the passage of the act. Save, where vested rights had intervened, there was the same reason for the application of the principle of equality of distribution in the one case as in the other, and we think the act should be so construed.
The statute against frauds and perjuries made such conveyances void as against creditors, but they were valid between the parties. The act of April 6, 1859, gives effect to the conveyance, but constitutes the fraudulent grantee a trustee, and charges the land with a trust for the benefit of creditors.
It is not material when the conveyance is declared fraudulent by the .court, except so far as relates to the jurisdiction of the probate court, which jurisdiction then attaches.
It is claimed by the counsel for the plaintiffs, that the trust charged upon the property, is only for the benefit of such as were creditors at the time of the conveyance, and that those whose debts were contracted after the conveyance, have no claim on the property.
If this were so, it would not avail the plaintiffs in this case. The insolvency of Keyes existed at the time of the convey *448 anee, and it does not appear that any of his creditors became such after the conveyance.
The judgment of the district court is affirmed.
Brinkerhoee, C.J., and Scott, Ranney and White, JJ., concurred.